```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


ROBIN MAZZANTINI, Individually   )
and on behalf of all other       )
persons similarly situated,      )
        Plaintiff                )
                                 )
             v.                  )  C.A. NO. 11-cv-30172-MAP
                                 )
RITE AID CORPORATION, ET AL.,    )
        Defendants               )
```

### MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION TO TRANSFER
(Dkt. No. 5)

December 15, 2011

PONSOR, U.S.D.J.

In this action, Plaintiff Robin Mazzantini, representing herself and a class of Massachusetts plaintiffs, alleges that Defendants violated Mass. Gen. Laws ch. 159, §§ 148 and 150, and Mass. Gen. Laws ch. 151, §§ 1A and 1B, by denying her proper wages, including overtime compensation, when she worded as an assistant store manager. Defendants have moved to transfer this case to the United States District Court for the Middle District of Pennsylvania, where Ms. Mazzantini has for nearly two years been a plaintiff in a parallel action pursuant to the Fair Labor Standards Act ("FLSA"), making exactly the same claims under federal law that she offers before this court under state law.  The lawsuit in Pennsylvania, <u>Craig v. Rite Aid Corporation, et al.</u>, C.A. 08-02317-JEJ, was filed in January

of 2009.  Ms. Mazzantini affirmatively "opted in" to the Craig litigation in March of 2010 and became a plaintiff in that case at that time.  The case before this court was filed fifteen months after Ms. Mazzantini joined the Craig litigation.

This court will allow Defendants' Motion to Transfer under the well-recognized "first filed" rule.  The First Circuit has recognized the "obvious concerns" that arise "when actions involving similar subject matter are pending in different federal district courts: wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs."  TPM Holdings, Inc., v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996).  The First Circuit has emphasized that where "the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other side to defer."  Id. at 4 (citations omitted).  The "first filed" rule may be ignored when the two courts are addressing "very different issues," Id., but that is not the case here.

Significantly, two other district courts have already transferred cases involving opt-in plaintiffs in the Craig litigation who have filed independent state law claims in

different districts.  <u>Fisher v. Rite Aid Corp.</u>, Civ. A. RDB-09-1909, 2010 WL 2332101 (D. Md. June 8, 2010), and <u>Hough v. Thrifty Payless, Inc. d/b/a Rite Aid</u>, 3:11-CV-05347-RBL (Dkt. 32) (W. D. Wash., November 8, 2011).

Here, there are no special circumstances justifying an exception to the "first filed" rule.  The two causes of action are virtually identical.  The evidence to be offered by both sides with regard to liability is not only virtually but absolutely identical.  Minor differences in potential damage relief between the FLSA and the Massachusetts state labor laws are insignificant for purposes of this analysis.  Discovery is being coordinated through the same attorneys nationwide and will not unduly burden Plaintiffs in this case.  The Middle District of Pennsylvania is entirely capable of addressing the Massachusetts state law claims raised here.  The claim by Plaintiff that she would be inconvenienced by having to travel to Pennsylvania rings hollow, given that she herself opted into the <u>Craig</u> litigation in Pennsylvania as a plaintiff long before she even filed this lawsuit.  The simple fact is that this is precisely the kind of case that the First Circuit has, understandably, encouraged district courts to transfer to avoid the waste and mess that is inevitable when two district courts try to adjudicate essentially the same

claims.

In rendering this ruling, the court is well aware that the presiding judge in the Middle District of Pennsylvania has dismissed the <u>Fisher</u> case on the ground that the simultaneous maintenance of an FLSA action and a state law wage claim brought under Fed. R. Civ. P. 23 generates an incompatibility that requires dismissal of the state law claim.  <u>Fisher v. Rite Aid Corp.</u>, 764 F. Supp.2d 700, 705-706 (M.D. Pa. 2011).  It is possible that the judge in the Middle District of Pennsylvania will make the same ruling in this case.  The court's ruling in the <u>Fisher</u> case is currently before the Third Circuit Court of Appeals and a decision by that court may clarify the law in this area. Nevertheless, the mere fact that the judge in the "first filed" district may dismiss a case cannot provide a basis for retaining the case in what Plaintiff may hope is a more receptive forum.

For the foregoing reasons, Defendants' Motion to Transfer (Dkt. No. 5) is hereby ALLOWED.  The clerk is ordered to arrange for the transfer of this case to the Middle District of Pennsylvania in Harrisburg.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u><br>
MICHAEL A. PONSOR<br>
U. S. District Judge